*561 OPINION OF THE COURT
James D. Pagones, J.
Petitioner seeks judgment annulling and vacating the decision of a State Review Officer (SRO), dated December 14, 1999, which sustained in part and annulled in part a decision of an Impartial Hearing Officer (IHO) dated February 26, 1999. The underlying decision of the IHO came after a lengthy hearing requested by the parents of student J.M., a child classified by petitioner as a child with a disability. J.M.’s parents unilaterally enrolled him in the Baldonan School prior to a scheduled meeting of petitioner’s Committee on Special Education (CSE) held on July 30, 1998. By letter dated September 3, 1998 J.M.’s parents requested an impartial hearing to determine whether the school district should reimburse them for costs associated with the unilateral placement of their son in private school along with costs associated with private speech therapy. The IHO was appointed by the school district in accordance with 20 USC § 1415 (b) (2); Education Law § 4404 (1) and 8 NYCRR 200.5 (c). Initially, hearings were held before the IHO on six separate days between October 28 and December 10, 1998. On the last hearing date, the school district rested its direct case and the parents’ nonlawyer representative moved for “a directed verdict.” In a decision dated February 26, 1999 the IHO held that there was no authority for him to render “a directed verdict” in such a proceeding. Nonetheless, the IHO granted the relief requested finding that the school district had not met its burden of demonstrating that the educational program set forth in its July 1998 Individualized Education Program (IEP)* was reasonably calculated to allow the child to receive an educational benefit. The IHO directed that further hearings be held for the purpose of adducing evidence to determine whether the parents’ placement of the child in the Baldonan School offered an educational program to meet the student’s special educational needs and whether the district should reimburse the parents. Three additional days of hearings were held between April 12, 1999 and June 2, 1999. By decision dated July 7, 1999 the IHO held that the parents had sustained their burden of demonstrating the appropriateness of the Kildonan School for their son and that equitable consideration did not “support denial of the tuition reimbursement sought by the petitioner.” By petition dated August 17, *562 1999 the school district sought review of the IHO’s determination by the State Review Officer as provided by Education Law § 4404 (2).
On December 14, 1999 the SRO annulled the decision of the IHO to the extent that it ordered petitioner to reimburse the boy’s parents for the cost of services provided to him by a speech pathologist in the fall of 1997 and sustained the balance of the IHO’s determination. Petitioner asserts in this proceeding that the portion of the decision sustaining the IHO is arbitrary and capricious. In essence, petitioner argues that the SRO acted arbitrarily and capriciously by failing to adhere to statutory limitations when reviewing petitioner’s appeal of the IHO’s determination.
At no time in its petition does the school district allege that the SRO’s determination was not supported by substantial evidence (CPLR 7803 [4]).
CPLR 7803 (3) permits this court to ascertain: “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion.”
Education Law § 4404 provides the appeal process for decisions regarding children with handicapping conditions as they are otherwise defined by the Individuals with Disabilities Education Act (20 USC § 1400 et seq.). The first level of review to challenge any determination by the CSE is by an IHO who is selected from a list of trained individuals promulgated by the State. (Education Law § 4404 [1].) The determination of the IHO may be reviewed by a State Review Officer. (Education Law § 4404 [2].) The statute specifically provides: “The commissioner shall adopt regulations governing the practice and procedure in such appeals to the state review officer” (Education Law § 4404 [2]).
The regulations governing an appeal to the SRO may be found at 8 NYCRR 279 et seq. Education Law § 4404 (3) provides: “Any final determination or order of a state review officer * * * may only be reviewed in a proceeding brought in the supreme court pursuant to article seventy-eight of the civil practice law and rules. In any proceeding under article seventy-eight the court may grant any relief authorized by the provisions of section seventy-eight hundred six of such law and rules and also may, in its discretion remand the proceedings to the state review officer for further consideration upon a finding that any relevant and material evidence is then available which was not previously considered by the commissioner.”
*563 The essential facts relevant to this court’s determination are not in dispute. Petitioner school district timely filed a petition for review of the IHO’s determination pursuant to 8 NYCRR 279.4 (a). No one submitted an answer in response to the petition as permitted by 8 NYCRR 279.5. The SRO acknowledged both of these facts in his decision and stated: “In accordance with 8 NYCRR 279.3, the factual statements set forth in the petition will be deemed to be true, unless refuted by the facts in the record which is before me.” 8 NYCRR 279.3 states, in pertinent part: “If an answer is not served and filed in accordance with the provisions of such regulations, the statements contained in the petition will be deemed to be true statements, and a decision will be rendered thereon by a State review officer of the State Education Department.”
This language was contained in the notice of petition, along with the other requisite language, as required by section 279.3. It is evident from a review of the SRO decision that he did not deem the statements contained in the petition to be true and he did not render his decision on the petition. Instead, as he acknowledged in the second paragraph of his decision, the SRO undertook to search the record before him, which petitioner school district was required, to prepare and file by regulation independent of its petition. New York Education Law § 4404 (1) establishing the right of a parent to challenge a CSE determination at a hearing before an IHO as well as section 4404 (2) authorizing an appeal to an SRO is New York’s approved response to the mandate of 20 USC § 1415. New York’s statute specifically directs that “[t]he commissioner shall adopt regulations governing the practice and procedure in such appeals to the state review officer.” (Education Law § 4404 [2].) The SRO and the process of appeal are creatures of statute. As such, the SRO must follow the rules and regulations established by the Commissioner in order to carry out his limited statutory powers. There is nothing in the statute or in the State Constitution which empowers an SRO to exceed the authority derived from Education Law § 4404 and the Commissioner’s regulations. The SRO acknowledged in his decision that he was exceeding the specific limitations of his authority as set forth in 8 NYCRR 279.3. When the respondent parents elected not to answer the petition before the SRO although given proper notice in a timely fashion, they triggered the limitations of section 279.3 and defined by their default the basis upon which the SRO was required to determine the petition. The facts relied on by the SRO in rendering his decision went well beyond the facts as *564 serted in the petition and deemed true therein. Under the circumstances, because the SRO rendered his determination based on facts that he was prohibited from considering by the specific terms of the regulation, his decision is arbitrary and capricious.
For the foregoing reasons, the instant petition is granted and petitioner shall have judgment setting aside, annulling and vacating the challenged portion of the decision of the State Review Officer dated December 14, 1999 and shall have judgment granting the relief requested in their petition for review dated August 17, 1999 and denominated as appeal No. 99-65.

 An IEP is a written statement that identifies the child’s present performance levels, goals and proposed services. (20 USC § 1401 [a] [20].)