■ In the Matter of ARLINGTON CENTRAL SCHOOL DISTRICT, Respondent, v STATE REVIEW OFFICER OF NEW YORK STATE DEPARTMENT OF EDUCATION, Appellant, and J.M. et al., Respondents. [741 NYS2d 276] —In a proceeding pursuant to

CPLR article 78 to review so much of a determination of the State Review Officer of the New York State Department of Education dated December 14, 1999, as sustained that branch of the decision of an impartial hearing officer dated February 26, 1999, made after a hearing, as required the petitioner Arlington Central School District to reimburse J.M., a learning-disabled child, for the cost of private school for the 1998-1999 school year, the State Review Officer of the New York Department of Education appeals, as limited by his brief, from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated September 6, 2000, which granted the petition and vacated the challenged determination of the State Review Officer.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the petition consistent herewith.

The petitioner Arlington Central School District (hereinafter Arlington) determined that the respondent J.M. was a learning-disabled child and provided an independent education program for him. J.M.'s parents were not satisfied with the program and unilaterally placed J.M. in a private school for learning-disabled children. His parents then requested reimbursement for the cost of tuition at the private school.

A hearing was held before an independent hearing officer pursuant to Education Law § 4404 (1). That officer found that the education program offered by Arlington was insufficient given J.M.'s needs, and required it to reimburse his parents for the cost of the private school tuition. Arlington then filed an administrative appeal of the independent hearing officer's decision to a State Review Officer (hereinafter SRO) pursuant to Education Law § 4404 (2). J.M.'s parents did not file an answer to the petition. The SRO upheld the determination that Arlington was to reimburse J.M.'s parents for the tuition.

Arlington next commenced this proceeding pursuant to CPLR article 78 to review so much of the SRO's determination as required tuition reimbursement. The Supreme Court found that the SRO improperly reviewed the entire record of the proceeding before the independent hearing officer instead of limiting his review to the statements contained in the petition, since the parents failed to file an answer. The Supreme Court relied on the regulations contained in 8 NYCRR 279.3, which, at the time, required that the petition contain a notice that upon the failure to answer it, "the statements contained in the petition will be deemed to be true statements, and a decision will be rendered thereon" by the SRO.

The Supreme Court was incorrect. As part of the record on the appeal to the SRO, a board of education, whether it is the petitioner or the respondent, is required to file with the State a copy of the transcript of the hearing along with all exhibits together with either its petition or answer (*see* 8 NYCRR 279.7). The SRO may "in his [or her] discretion, in the determination of an appeal, take into consideration any official records or reports on file in the Education Department which relate to the issues involved in such an appeal" (8 NYCRR 276.6). The SRO was required to review the entire record before him in making a determination, and would have erred had he based his decision solely on the petition as Arlington suggests. The failure of J.M.'s parents to file an answer did not preclude a determination in their favor by the SRO. The Supreme Court, therefore, erred in granting the petition and annulling the determination of the SRO.

The matter is remitted to the Supreme Court, Dutchess County, for a determination of whether the decision of the SRO requiring tuition reimbursement was appropriate on the merits.

The parties' remaining contentions are without merit. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur. [*See,* 185 Misc 2d 560.]